O’Brien, J.
The defendant’s counsel on a motion for a re-argument insists that the decision of the appeal in the case was based upon a misapprehension of the facts, and calls our attention to portions of the opinion in which it is stated that there was no finding or proof in the case that Mrs. Reid acquired through her husband or otherwise any title to the land. There is no finding certainly to that effect, nor any request to find. This court cannot look bej'ond the findings into the evidence for the purpose of gathering facts upon which to reverse a judgment, though it may for the purpose of sustaining it On further examination no reason is discovered for changing the views expressed in the opinion in regard to the evidence, though perhaps the remarks on that point were unnecessary. It would have been enough to say that there was no finding in the case to the effect that any title to the land was conveyed to Mrs. Reid by her husband. What was said in regard to the evidence was, however, strictly correct. It is true that there is an admission in the case that Mrs. Reid is the sole executrix, devisee and legatee of her husband, but that does not prove that she ever acquired any interest or estate in this particular piece of land from him.
These facts may be all true, and yet the husband may have died without devising the piece of land in question to his wife. It is quite probable that the admission was obtained for the purpose of proving the fact and intended by all parties as proof for that purpose. If so it is singular that the referee was not requested to make a finding in accordance with the facts. The case, however, was not disposed of upon those questions alone. The plaintiff’s right to foreclose his mortgage against any one going into possession subsequent to its execution was not affected by the tax sale unless notice thereof and opportunity to redeem was given to him, or the person from whom he obtained it, and this fact does not appear. Mrs. Reid could not, when made a party, defeat the plaintiff’s action by merely asserting in her answer that ,she had or claimed title paramount and superior to him without showing in some way what that title was and how derived. It would be absurd to hold that a defendant in an action to foreclose -can prevent judgment by barely stating that his title is paramount, without procuring proper findings on that question to be made.
The motion for re-argument must he denied, Avith ten dollars costs.
All concur.